IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00956-LTB

ANTHONY ALLEN MACK,

    Applicant,

v.

JAMES FALK, Warden, Sterling Correctional Facility,
COLORADO DEPT. OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    Plaintiff, Anthony Allen Mack, filed *pro se* a document titled "Motion to District Court to Amend Its Findings and Make Additional Findings to Its Order of Dismissal Pursuant to F.R.C.P. 52(b)," on August 7, 2012. (ECF No. 22). Rule 52 of the Federal Rules of Civil Procedure applies only to cases in which a district court issues factual findings following a trial on the merits. *See* Fed.R.Civ.P. 52(a); **Trentadue v. Integrity Committee**, 501 F.3d 1215 (10th Cir. 2007). Accordingly, the Court will construe Mr. Mack's motion liberally as a motion for reconsideration of the Court's July 26, 2012 dismissal order. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972) (*pro se* filings must be construed liberally); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991).  Mr. Mack filed the motion for reconsideration less than twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the motion for reconsideration is filed pursuant to Rule 59(e).  *Id.*; *see also* Fed. R. Civ. P. 59(e).

The Court first addresses the issue of jurisdiction.  The Court entered an Order of Dismissal on July 26, 2007.  (ECF No. 16).  Judgment was entered on July 27, 2012. (ECF No. 17).  On August 6, 2012, Mr. Mack filed a letter with the Court, which the Court processed as a notice of appeal.  (ECF No. 18).   Mr. Mack then filed his motion for reconsideration on August 7, 2012.

Generally, a timely notice of appeal divests the district court of jurisdiction over the issues on appeal.  *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Warren v. American Bankers Ins. of Florida*, 507 F.3d 1239, 1242 (10th Cir. 2007).  However, a district court may deny a motion under Fed.R.Civ.P. 59(e) or 60(b) on the merits even after the filing of a notice of appeal.  *Warren*, 507 F.3d 1239, 1244-45 (10th Cir. 2007) (citing to Fed. R. App. P. 4(a)(4)(A) (stating that "[i]f a party timely files in the district court a [Rule 59(e) motion], the time to file an appeal runs for all parties from the entry of the order disposing of the [motion]."); *see also W.N.J. v.. Yocom*, 257 F.3d 1171, 1172-73 n. 1 (10th Cir. 2001) (Rule 60(b) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v.*

2

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Upon review of the motion for reconsideration and the entire file, the Court concludes that Mr. Mack fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

The Court dismissed this action as barred by the AEDPA one-year limitation period, 28 U.S.C. § 2244(d)(1). The Court found that the limitation period commenced when Mr. Mack's conviction became final on August 20, 2002 and that the statute ran unabated until it expired on August 19, 2003 because Mr. Mack did not file any state post-conviction motions to toll the limitation period. *See* 28 U.S.C. § 2244(d)(2). The Court further rejected Applicant's contention that equitable tolling applies based on retained counsel's failure to timely file a motion for state post-conviction relief.

Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, ___ U.S. ___ , 130 S.Ct. 2549, 2562 (2010); *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). An attorney's unprofessional conduct may sometimes be an "extraordinary circumstance" justifying equitable tolling. *Holland*, 130 S.Ct. at 2562-63. However, not all claims of attorney negligence meet this standard. *Id*. at 2564.

Mr. Mack argues in the motion for reconsideration that he acted diligently in retaining post-conviction counsel in September 2002, who agreed to file a state post-

conviction motion pursuant to Colorado Rule of Criminal Procedure 35 and a federal habeas application on Applicant's behalf. (*See* fee agreement at ECF No. 22, at 10-17 of 19). Mr. Mack asserts that counsel then abandoned him by failing to file any documents with the state court until 2005. Mr. Mack concedes, however, that he did not endeavor to contact retained counsel, by telephone or letters, to determine the status of the motion before the statute of limitations expired on August 19, 2003.

Although Mr. Mack attempts to analogize his circumstances to those in *Holland*, the *Holland* case is distinguishable on its facts. In *Holland*, the Supreme Court found that the following extraordinary circumstances warranted equitable tolling: the petitioner's attorney failed to file the § 2254 application on time despite the petitioner's many letters to the attorney emphasizing the importance of his doing so and identifying the applicable legal rules; the attorney failed to inform the petitioner in a timely manner that the state supreme court had decided his case, despite the petitioner's many pleas for the information; and, the attorney failed to communicate with his client for a period of years, despite various pleas from the petitioner that the attorney respond to his letters. *Holland*, 130 S.Ct. at 2564. The Supreme Court also found that the petitioner acted with reasonable diligence by writing his attorneys numerous letters seeking critical information and by providing direction and repeatedly contacting the state courts and the state bar association in an effort to have the attorney removed from his case. *Id.* at 2565. In addition, the petitioner prepared his own habeas petition *pro se* and promptly filed it with the District Court on the day he discovered that his AEDPA clock had expired due to his attorney's failings. *Id.*

By contrast, in this case, Mr. Mack did not write or telephone retained counsel to ascertain the status of his state post-conviction motion or federal habeas application. He did not file a motion in the state district court seeking the appointment of counsel to represent him in a state post-conviction proceeding until July 25, 2005, and did not attempt to file *pro se* a motion for post-conviction relief before December 2005, more than two years after the one-year limitation period expired. Mr. Mack does not state when he became aware of the one-year limitation period. Regardless, ignorance of the law does not excuse an untimely habeas filing. **See Gibson**, 232 F.3d at 808. The facts in this case do not present the same compelling circumstances that were addressed by the United States Supreme Court in **Holland**, where the petitioner pursued his claims diligently. **See also Cooley v. Medina**, No. 10-1485, 412 F. App'x 51, 53 (10th Cir. Jan. 3, 2011) (contrasting facts in **Holland** to deny equitable tolling).

The motion for reconsideration will be denied because Mr. Mack has not established any of the major grounds that would justify reconsideration in his case. **See Servants of the Paraclete**, 204 F.3d at 1012. Accordingly, it is

ORDERED that the "Motion to District Court to Amend Its Findings and Make Additional Findings to Its Order of Dismissal Pursuant to F.R.C.P. 52(b)," filed on August 7, 2012 (ECF No. 22), which the Court construes liberally as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), is **denied**.

Dated at Denver, Colorado this __20th__ day of ____August____, 2012.

BY THE COURT:

   s/Lewis T. Babcock          
LEWIS T. BABCOCK, Senior Judge
United States District Court